NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT LECLAIR, | No.    23-15334 |
| Plaintiff-Appellee, | D.C. No. 3:19-cv-00404-MMD-CLB |
| v. | |
| JAMES DZURENDA; et al., | MEMORANDUM[*] |
| Defendants-Appellants, | |
| and | |
| CHARLES DANIELS; HAROLD WICKHAM, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Miranda M. Du, Chief District Judge, Presiding

Submitted April 1, 2025[**]
San Francisco, California

Before: HURWITZ, KOH, and JOHNSTONE, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Robert LeClair, a Nevada state prisoner, claims in this 42 U.S.C. § 1983 action that Nevada Department of Corrections ("NDOC") employees (collectively "Defendants") violated the Eighth Amendment by denying him Hepatitis C ("Hep-C") treatment pursuant to NDOC Medical Directive 219 ("MD 219"). The district court denied the Defendants' motion for summary judgment, finding that they were not entitled to qualified immunity. Exercising jurisdiction over the appeal of the denial of summary judgment under 28 U.S.C. § 1291 and the collateral order doctrine, *see Andrews v. City of Henderson*, 35 F.4th 710, 715 (9th Cir. 2022), and reviewing de novo, *see Carley v. Aranas*, 103 F.4th 653, 659 (9th Cir. 2024), we reverse and remand.

"Prison officials violate the Eighth Amendment if they are deliberately indifferent to a prisoner's serious medical needs." *Peralta v. Dillard*, 744 F.3d 1076, 1081 (9th Cir. 2014) (en banc) (cleaned up). "Section 1983 . . . provides a cause of action in tort" for such violations. *Carley*, 103 F.4th at 659. Prison officials, however, may assert qualified immunity as a defense in a § 1983 deliberate indifference suit. *See, e.g.*, *id.* at 659. Determining whether the officials are entitled to qualified immunity potentially involves "two questions: (1) whether the official's conduct violated a constitutional right; and (2) whether that right was clearly established at the time of the violation." *Id.* at 659 (cleaned up). But if the answer to the second question is "no," officials are protected by qualified immunity even if

there is a constitutional violation. *See id.* "For a right to be clearly established, it must be 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Id.* at 660 (quoting *Rivas-Villegas v. Cortesluna*, 595 U.S. 1, 5 (20221) (per curiam)). We have discretion to determine the order in which these inquiries are addressed. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

LeClair claims that Defendants "acted with deliberate indifference to" his "serious medical needs by developing and implementing MD 219." The Defendants are therefore entitled to qualified immunity unless it was clearly established between 2012 and November 2019, the period during which LeClair was denied Hep-C treatment, that MD-219 violated the Eighth Amendment.[1]

We recently held that it was not clearly established by May 2018 that denying a Nevada state prisoner Hep-C treatment under MD 219 constituted deliberate indifference. *See Carley*, 103 F.4th at 661-62. LeClair does not contend that the law became clearly established to the contrary between May 2018 and November 2019. Because "no decision of the Supreme Court, our court, or a consensus of courts

---

[1] Under a September 2019 revision to MD 219, LeClair became eligible for treatment, which he began in November 2019. In October 2020, NDOC entered into a consent decree providing that all prisoners testing positive for Hep-C will receive treatment. *See In re HCV Prison Litig.*, No. 19-cv-00577, 2020 WL 6363842 (D. Nev. Oct. 29, 2020).

3

would have put [the Defendants] on notice that treatment prioritization schemes like MD 219 violated the Eighth Amendment" during the relevant period, *id.* at 662-63 (cleaned up), the Defendants were entitled to qualified immunity, even assuming that MD 219 is unconstitutional. The district court therefore should have granted the Defendants' motion for summary judgment. We reverse its order denying summary judgment and remand with instructions to grant the Defendants' motion.

**REVERSED AND REMANDED.**[2]

---

[2] Defendants' request for judicial notice, **Dkt. 24**, is granted.